53 CCPA

### Application of Edward C. KARP.
### Patent Appeal No. 7621.

United States Court of Customs and Patent Appeals.
April 28, 1966.
Rehearing Denied June 9, 1966.

———◆———

C. Willard Hayes, Washington, D. C., James M. Wetzel, Richard G. Lione,

Robert L. Harmon, Chicago, Ill., for appellant.

Joseph Schimmel, Washington, D. C. (L. F. Parker, Washington, D. C., of counsel), for the Commissioner of Patents.

Before RICH, Acting Chief Judge, and MARTIN, SMITH, and ALMOND, Judges, and Judge WILLIAM H. KIRKPATRICK.*

ALMOND, Judge.

Edward C. Karp appeals from the decision of the Board of Appeals affirming the final rejection of claims 3, 4, 6 and 10 of appellant's application [1] entitled "Indicating Device Index." No claims have been allowed.

The issue is whether the subject matter disclosed and claimed by appellant is obvious under 35 U.S.C. § 103 in view of the following prior art:

| | | |
|---|---|---|
| Hallwood (hereinafter Hallwood I) | 1,729,106 | September 24, 1929 |
| Hallwood (hereinafter Hallwood II) | 1,841,948 | January 19, 1932 |
| Kuhnle (German) | 910,601 | May 3, 1954 |

———◆———

The subject invention, a device for improving the accuracy of readings on weighing scales such as are commonly employed in grocery markets, can best be understood by a reading of claim 3 in conjunction with Fig. 2 (reproduced here) of appellant's specification. Claim 3 reads (bracketed numerals correspond to the numerals in the drawing):

3. An index assembly [34] for accurately reading the indicia carrying face of an indicating device including transparent means [47] [48], said transparent means defining a line of color contrast in a predetermined reading plane, an opaque band [51] lying within the confines of said transparent means and in said reading plane, said opaque band being so thin as to be virtually invisible as a finite line when viewed in said predetermined reading plane, said opaque band cooperating with said line of color contrast to establish a highly intelligible demarcation edge for accurately reading values on said face, said demarcation edge appearing as a line of finite thickness

---

* United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in place of Chief Judge WORLEY, pursuant to provisions of Section 294(d), Title 28, United States Code.

1. Serial No. 116,123 filed June 9, 1961.

only when viewed in a plane other than said predetermined reading plane whereby parallax error in reading the indicia carrying face is avoided.[2]

fig.2.

Appellant asserts that his device has eliminated certain problems confronting the art, viz., (1) providing an index line so thin that "block out" error is eliminated yet definitive enough to meet regulatory requirements and be readily resolvable at standard viewing distances, and (2) eliminating the parallax[3] phenomenon. The specification states:

* * * the invention contemplates establishing an index line or demarcation edge through the office of a line of contrast between adjoining mediums having relatively higher and lower light transmission properties in conjunction with an extremely thin band of substantially opaque material in the plane between the mediums. This effect is preferably provided through the use of abutting blocks of transparent material such as an acrylic plastic or the like, a film of pigment or pigmented bonding material being provided between the abutting surfaces. To produce a contrast along the abutting surfaces, one of the blocks is tinted a darker color than the other, although any means might be utilized to effect different light transmission characteristics in each block. The pigment or pigmented bonding material is present in a film so thin as to be virtually invisible when viewed along the proper reading plane. Under normal circumstances, such a proper reading plane will lie perpendicular to a plane

2. Other elements of the device as illustrated in Fig. 2 are, inter alia, rotatable drum chart 21 and magnifying lens 25.

3. Parallax: The apparent displacement (or the difference in apparent direction) of an object, as seen from two different points. Webster's New International Dictionary (2d ed.).

tangent to the indicia carrying chart of the scale. If the reader's eyes depart the proper reading plane, the virtually invisible film suddenly appears as an increasingly prominent band along the abutting surfaces. The effect of such a phenomenon is to obviate the dangers of parallax, since anytime the plane of sight departs the proper reading plane, the aforementioned band appears to warn the reader.

Because the film of pigment is so thin, graduations on the indicia carrying chart of the scale are not obscured by the index line or confused therewith. This eliminates the accompanying effect of errors in reading the scale. In essence, the use of such a thin film of pigment and consequently fine index line or demarcation edge is made possible solely because of the color contrast between the adjoining mediums.

Hallwood I (see Fig. 1 reproduced here) discloses a weight indicating mechanism for scales having a pair of transparent blocks 8 and 9 with abutting edge surfaces defining a reading plane. A thin opaque ribbon 10 is disposed in this plane between the block edges, visible only as a line when the eye is aligned with the reading plane and which acts to avoid parallax error when the eye is displaced by appearing as a line of finite thickness. The opaque band may be formed as a thin cement or opaque coating layer. The patentee states that the opaque material "because of its very thin body presents nothing more than a line to the vision, which permits the clear reading of the graduations." It is further stated that if one reading the scale "should occupy a position looking angular by downwardly or upwardly from points above or below the plane of the norm 10, the latter will be viewed partially in plan, whereby its thickness or width is observable, and this prevents the desired unobstructed view of the indicating drum, and compels the reader to readjust his position so as to view the indicating mechanism properly", thus avoiding parallax error.

*Fig. 1.*

Hallwood I

Hallwood II, a continuation-in-part of Hallwood I, discusses the problem of block out and parallax error and discloses means for compelling the reader to assume a desired position when reading the indicator. In Fig. 1 of Hallwood II, set forth herewith, the abutting plane surfaces of blocks 7,7 are rendered opaque

**Hallwood II**

*Fig. 1*

by a grinding operation instead of using a ribbon or coating. The abutting edge surfaces 10 define the reading plane. When the surfaces are viewed in edge elevation, they present "merely a fine line to the sight" and "nothing more than a very line which does not interfere with the vision of the observer."

Kuhnle discloses a scale reading index assembly formed of a plate of two transparent portions which differ in color. Where the two portions meet a readoff "marking can be attained which does not occupy any space."

The examiner rejected the appealed claims as unpatentable over Kuhnle in view of the Hallwood patents followed by a rejection predicated on the Hallwood patents in view of Kuhnle. The board reversed the first rejection and affirmed the second. The board stated:

The Hallwood patents, however, disclose the edge-abutting relationship of transparent plates to provide a thin index line. The thin band which provides the line is of a nature which provides the anti-parallax feature claimed by appellant. As to the relative thickness of the band, it is noted that Hallwood 1,841,948 discloses the abutment of ground surfaces. Such ground surfaces provide a line which is very thin and which, in our opinion, does not distinguish from the relative thickness of the band claimed by appellant.

The Hallwood patents, however, do not utilize color contrast to provide a thin index line. The broad idea of forming a very thin line by the use of color contrast members in adjoining relationship is taught in Kuhnle. In view thereof, we agree with the Exam-

iner that it would be obvious to utilize the color contrast feature of Kuhnle in the Hallwood lens members. The rejection of the claims as being unpatentable over the Hallwood patents in view of Kuhnle will be sustained.

The limitation in claims 4 and 10 relative to the .001 inch thickness of the band is not considered to be of patentable significance in view of the disclosures in the Hallwood patents as well as in Kuhnle which aim at the desirability of providing extreme thinness. * * *

Comparing, first, appellant's device with those disclosed by Hallwood I and II, we see that both appellant and Hallwood employ a pair of blocks in closely spaced relationship to one another. In appellant's device, the spacing is achieved "by an extremely thin band of substantially opaque material in the plane between the mediums." In Hallwood I, the spacing is achieved by (1) an opaque ribbon or (2) " * * * the medium of an opaque cement or other opaque material." The spacing in Hallwood I is described as a "very thin body [which] presents nothing more than a line to the vision * * *." Hallwood II discloses a two-piece lens structure wherein the abutting surfaces are ground to achieve the purposes of the opaque material disclosed in Hallwood I. Hallwood II states: " * * * the ground surfaces when viewed in true edge elevation present nothing more than a very line which does not interfere with the vision of the observer." Like appellant's opaque material interposed between abutting lens pieces, Hallwood I's opaque material and Hallwood II's ground surfaces function to prevent the problem known as parallax.

We note two differences between appellant's device and those of the Hallwood patents. First, the difference in the language employed to describe the thinness of the dimension between the abutting lens pieces. We are unable to ascribe patentable significance to this difference in language since, structurally, appellant and Hallwood I appear indistinguishable on this point. Both describe what is in

effect an opaque coating between the two lens pieces.

The second difference between appellant's device and those disclosed by the Hallwood patents is the differentially tinted lenses employed by the former and not by the latter. These differentially tinted lenses serve to heighten the definition of the "extremely thin band of substantially opaque material in the plane between the mediums [blocks of transparent material]." As regards this difference, resort must be had to Kuhnle which discloses "a plate * * * consisting of two transparent portions * * * which differ in color," by means of which "a marking can be attained which does not occupy any space." We think this teaching fairly suggests appellant's use of differentially tinted lenses, and taken with Hallwood I and II, we agree with the board that the subject matter here sought to be patented is obvious within the meaning of 35 U.S.C. § 103.

One further matter requires our attention. Appellant contends that the board did not consider the Karp affidavit in reaching its conclusion of obviousness, and thereby committed reversible error in that the affidavit constituted affirmative evidence of nonobviousness. Appellant-affiant stated in substance that since the claimed invention was first marketed in 1961 it had been overwhelmingly acclaimed as a marked advance in the art and that demand for the scales had been continuous; that the National Conference on Weights and Measures had modified its regulatory handbook and approved appellant's index.

The record discloses that the examiner considered the affidavit in the nature of an opinion unsupported by facts or data sufficient to overcome the examiner's conclusions of obviousness. In disposing of appellant's petition for reconsideration, the board stated that "[a]fter reviewing appellant's arguments," it adhered to its opinion with respect to making any change therein. We are not in agreement, therefore, that the board "completely ignored" the affidavit. Evaluating the affidavit on the basis of

whatever affirmative and relevant substance it may contain, it is not of evidentiary sufficiency to resolve in appellant's favor a determination of the issues arising here under 35 U.S.C. § 103.

Finding no reversible error in the decision of the board, we accordingly affirm.

Affirmed.